A98A2035. ESQUIVEL v. THE STATE.
(512 SE2d 61)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of a sole count of aggravated child molestation. He appeals from the judgment of conviction, enumerating as error the overruling of his motion for new trial on the special ground of ineffective assistance of counsel. *Held*:

"In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that defense counsel's performance was deficient, and (2) that the defense was prejudiced by the deficient performance, i.e., show a reasonable probability that but for the trial counsel's [un]professional errors, the result of the proceeding would have been different. [Cit.]" *Etheridge v. State*, 210 Ga. App. 96, 97 (435 SE2d 292).

Here, defendant lists 19 specifications where trial counsel's performance allegedly fell below the level of reasonably effective assistance that members of the Bar in good standing are presumed to render. See *Shaw v. State*, 211 Ga. App. 647, 649 (2) (440 SE2d 245). Defendant did not urge that trial counsel was unprepared. Rather,

he argues only trial counsel's stated "desire [not] to follow standard defense trial interrogation," i.e., to avoid the use of term "alleged" in describing victims or characterizing their testimony. Trial counsel defended his tactic, precisely because that term was "standard defense terminology, [which trial counsel] wanted to avoid . . . at all costs." Trial counsel explained he wanted to avoid antagonizing an intelligent jury with defense jargon. He had a theory that "defendant had been set up by his wife, who was divorcing [defendant], and she had essentially planted concepts in the minds of her children and . . . planted evidence that [his] client had molested . . . children."

"The decisions on which witnesses to call, whether and how to conduct cross-examinations, which jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client." (Citations and punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77 (1), 79 (447 SE2d 74). In the case sub judice, it is not necessary to address specifically and individually each and every one of defendant's numerous instances of challenged trial tactics. It is sufficient to note that strategic choices made after thorough investigation are virtually unchallengeable. *Stephens v. State*, 265 Ga. 120, 121 (2), 122 (453 SE2d 443). We have reviewed the transcript of the hearing where trial counsel defended his decisions and find ample evidence to support the trial court's conclusion that defendant failed to show ineffective assistance under the standards of *Strickland v. Washington*, 466 U. S. 668, 690 (104 SC 2052, 80 LE2d 674). Consequently, the denial of defendant's motion for new trial on this special ground is affirmed. *Smith v. State*, 256 Ga. 483 (351 SE2d 641).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED FEBRUARY 9, 1999.

*Gaines C. Granade*, for appellant.
*Daniel J. Porter, District Attorney, Pamela D. South, Assistant District Attorney*, for appellee.