A04A0020. ESQUIVEL v. THE STATE.
(598 SE2d 24)

JOHNSON, Presiding Judge.

In 1996, Rodolfo Esquivel was indicted in Gwinnett County for aggravated child molestation. He was tried before a jury and convicted of the offense. He appealed his conviction, which this court

affirmed in February 1999.[1] On July 22, 2003, Esquivel filed in the Gwinnett County Superior Court a motion to vacate his sentence pursuant to OCGA § 17-10-1 (f). The trial court denied the motion.

Esquivel now appeals from that order. He claims that prior to his aggravated child molestation conviction he had been put on 48 months of probation by the DeKalb County State Court for a completely different crime, and therefore the Gwinnett County court's imposition of a 30-year sentence for his aggravated child molestation offense was somehow an improper revocation of his DeKalb County probation. The claim is wholly without merit.

First, his motion pursuant to OCGA § 17-10-1 (f) was untimely. That Code section provides:

> Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.[2]

In this case, the latest date when the trial court could have changed Esquivel's sentence was 120 days after the trial court received the remittitur upon this court's 1999 affirmance of his conviction. The record reveals that the trial court received the remittitur on March 1, 1999. Its jurisdiction under OCGA § 17-10-1 (f) to change the sentence therefore expired on or about June 29, 1999. Since Esquivel did not file his motion to vacate the sentence pursuant to OCGA § 17-10-1 (f) until some four years later, in July 2003, the trial court no longer had any authority to modify the sentence.

Moreover, even if Esquivel's motion were timely, the substance of the motion lacks merit. The motion is based on his mischaracterization of the Gwinnett County sentence for aggravated child molestation as somehow being a revocation of his probation in an unrelated DeKalb County case. The aggravated child molestation sentence resulted solely from his conviction in Gwinnett County and does not involve his status as a DeKalb County probationer.[3] Accordingly, the trial court correctly denied Esquivel's motion to vacate his sentence.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

---

[1] *Esquivel v. State*, 236 Ga. App. 325 (512 SE2d 61) (1999).

[2] OCGA § 17-10-1 (f).

[3] See *Esquivel*, supra.

DECIDED MARCH 11, 2004 —
RECONSIDERATION DISMISSED APRIL 1, 2004 — 

Rodolfo Esquivel, *pro se.*
Daniel J. Porter, *District Attorney, James M. Miskell, Assistant
District Attorney*, for appellee.