## A06A1863. McCONNELL v. THE STATE.
(635 SE2d 882)

BLACKBURN, Presiding Judge.

Having been convicted in 2001 of two counts of burglary, five counts of financial transaction card theft, and two counts of theft by receiving stolen property, Mickey McConnell, pro se, directly appeals the trial court's denial of his petition to correct a void sentence. Specifically, McConnell contends that the sentencing court erroneously sentenced him as a repeat offender pursuant to OCGA § 17-10-7 (c). Because the record shows that McConnell was a repeat offender, we affirm.

In 2001, following a jury trial, McConnell was sentenced to serve 20 years consecutively for each burglary conviction, for a total of 40 years, without parole. McConnell was also sentenced to serve two years concurrently for each of five counts of financial transaction card theft, and twelve months concurrently for each of two counts of theft by receiving. In October 2003, we affirmed McConnell's conviction (McConnell did not challenge his sentence at that time), see *McConnell v. State*,[1] and in April 2006, McConnell filed a "petition to correct void sentence," challenging his sentence for burglary on the ground that the sentencing court improperly sentenced him as a repeat offender and his sentence was therefore void. The trial court denied his petition, giving rise to this appeal.

Pursuant to OCGA § 17-10-1 (f), a sentence may be reduced within one year of the date the sentence was imposed or within 120 days of the remittitur upon affirmance after direct appeal, whichever

---

[1] *McConnell v. State*, 263 Ga. App. 686 (589 SE2d 271) (2003).

is later. Outside of this time, a sentence may not be successfully challenged unless it is void. *Jones v. State.*[2] As McConnell's petition was filed more than two years after the remittitur of his direct appeal, he can only challenge his sentence if it was void.

"A sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State.*[3] At the outset, we note that McConnell's sentence for each count of burglary was within the 20-year penalty prescribed by statute. See OCGA § 16-7-1 (a). However, this sentence is not necessarily valid on its face because of the additional condition that parole not be available, which the sentencing court based on McConnell's status as a repeat offender. As the decision to grant parole is an executive function of the Board of Pardons and Paroles, the trial court's authority to preclude parole in this case is based on OCGA § 17-10-7 (c), which addresses sentencing for repeat felony offenders.[4] See *Dempsey v. State*[5] (vacating sentence precluding parole where trial court improperly sentenced defendant based on recidivist status); OCGA § 42-9-1 ("functions of the State Board of Pardons and Paroles are executive in character and . . . no other body is authorized to usurp or substitute its functions for the functions imposed by this chapter upon the board"); *Johns v. State*[6] ("[a]ny attempt by a court to impose its will over the Executive Department as to what constitutes service of a period of confinement would be a nullity and constitute an exercise of power granted exclusively to the Executive"); *Stephens v. State*[7] (quoting *Johns v. State*).

By the terms of OCGA § 17-10-7 (c), the trial court was authorized to sentence McConnell as a repeat offender if McConnell was convicted of three prior felonies in Georgia or three crimes which would be felonies if committed in Georgia. The record of the sentencing hearing shows that, at a minimum, McConnell had already been convicted of the following felonies: aggravated battery in Florida, credit card theft in Georgia, armed robbery in Illinois, and criminal fraud in Indiana.

McConnell now incorrectly argues that he was not represented by counsel in the prior felony proceedings, a contention which is belied by the explicit references to his prior attorneys in the records of his convictions. In his appellate brief, he also contends that "the

---

[2] *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

[3] *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

[4] McConnell had no prior convictions for burglary, so OCGA § 16-7-1 (b), which addresses sentencing for repeat burglary offenders, does not apply.

[5] *Dempsey v. State*, 279 Ga. 546, 549 (4) (615 SE2d 522) (2005).

[6] *Johns v. State*, 160 Ga. App. 535, 536 (287 SE2d 617) (1981).

[7] *Stephens v. State*, 207 Ga. App. 645, 647 (2) (428 SE2d 661) (1993).

majority of the above convictions were reversed on appeal" but points to nothing in the record, nor do we discern any evidence, that supports this allegation. "We cannot consider allegations of error in the brief of a party which are not supported by evidence in the record." *Boone v. State.*[8] Accordingly, we discern no error.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED AUGUST 25, 2006 — 

Mickey McConnell, *pro se.*
David McDade, District Attorney, William H. McClain, Assistant District Attorney, for appellee.

---

[8] *Boone v. State*, 250 Ga. App. 133, 140 (12) (549 SE2d 713) (2001).