A07A0006. DAVIS v. THE STATE.
(646 SE2d 342)

JOHNSON, Presiding Judge.

A jury found Rosa Davis guilty of possession of marijuana with intent to distribute, possession of more than an ounce of marijuana and possession of a handgun during the commission of a crime.[1] The trial judge ruled that the marijuana possession offense merged with the possession of marijuana with intent to distribute offense. The court sentenced Davis to serve ten years in confinement for the possession with intent to distribute offense, followed by five years on probation for the weapons offense. Davis appeals, challenging the sufficiency of the evidence, the denial of her directed verdict motion based on a claim of entrapment, the form of the indictment and a jury instruction on constructive possession. The challenges are without merit, and we therefore affirm the judgment of the trial court.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence.[2] Moreover, we do not weigh the evidence or determine the credibility of witnesses, but determine only if the evidence is sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt.[3]

Viewed in the light most favorable to the verdict, the evidence shows that on June 4, 2004, a confidential informant helped DeKalb County police arrange to meet Davis in the parking lot of a fast-food

---

[1] The jury found Davis not guilty of aggravated assault and misdemeanor possession of marijuana.

[2] *Jackson v. State*, 284 Ga. App. 619 (644 SE2d 491) (2007).

[3] Id.

restaurant to purchase ten pounds of marijuana at a cost of $1,100 per pound. Davis arrived at the site of the arranged drug sale, and an undercover officer got into her car. Davis had a handgun beside her in the car and asked to see the money. The undercover officer showed her $11,000 in county funds that he had in his pocket.

Davis then told the officer that she had to go to another location at a mall where she would make contact with the people who had the marijuana. They agreed that the undercover officer would wait for her in a store parking lot across the street from the mall. The officer drove to that parking lot to wait, and Davis arrived there a short time later. She got into the officer's car and showed him a sample of the marijuana that was for sale. She then asked the officer to meet her at the mall location to complete the drug deal, but the officer refused and insisted on consummating the deal at their current location across from the mall. Davis eventually agreed to complete the deal at the current location.

She then left in her car to return to the people with the marijuana, and a short time later she returned with a van following her. Davis and the driver of the van parked near each other, and Davis then told the officer that the marijuana was in the van. She insisted that the officer give her the money, after which she would get the marijuana from the van and give it to him. The officer refused to turn over the money and eventually called off the transaction.

Davis then drove out of the parking lot, as did the driver of the van. A police surveillance team stopped both Davis' car and the van. A ten-pound block of suspected marijuana, wrapped in cellophane, was found in the van. And a semi-automatic handgun was recovered from Davis' vehicle.

The crux of Davis' challenge to the sufficiency of the evidence is her contention that the state presented no evidence as to the actual substance contained in the block of suspected marijuana. The contention is contradicted by the record. At trial, the state introduced the block into evidence and a crime scene investigator testified that the substance appears to be marijuana. Furthermore, that investigator is the technician who conducts tests on suspected marijuana for DeKalb County, and his written report explaining what examinations had been performed on the substance and stating that the block had in fact tested positive for marijuana was admitted into evidence without objection.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that there is sufficient evidence from which a

rational trier of fact could have found Davis guilty beyond a reasonable doubt of possession of marijuana with intent to distribute and possession of a firearm during the commission of a crime.[4]

2. Davis complains that the trial court erred in denying her motion for a directed verdict of acquittal after the state failed to rebut her prima facie case of entrapment. We disagree.

> The elements of entrapment are: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. If a defendant raises the defense of entrapment and testifies to it at trial, the state bears the burden of disproving the defense beyond a reasonable doubt. Whether the state has carried its burden is a question for the jury.[5]

In the instant case, to the extent Davis raised an entrapment defense, the jury was authorized to find that the state's evidence rebutted it beyond a reasonable doubt. While the idea for the drug deal originated with state agents, the state's evidence rebutted any claims by Davis that she was induced by undue persuasion and that she was not predisposed to commit the crime. "Entrapment does not occur when an officer or agent merely furnishes an opportunity to a defendant who is ready to commit the offense."[6]

3. Davis argues that the first count of the indictment, which alleges that she "did possess with intent to distribute and have under her control, marijuana[,]" is duplicitous because it charges her with the two separate offenses of possession of marijuana with intent to distribute[7] and possession of marijuana.[8] Davis further reasons that since the jury verdict on that count of the indictment does not indicate which of those two offenses the jurors found her guilty of, any ambiguity should be resolved in her favor and she should be sentenced only for the lesser offense of mere possession.

Duplicity is the technical fault of uniting two or more offenses in the same count of an indictment, and a duplicitous indictment is

---

[4] See *Morgan v. State*, 276 Ga. 72, 73 (1) (575 SE2d 468) (2003); *Gay v. State*, 233 Ga. App. 738, 741 (5) (505 SE2d 29) (1998).

[5] (Citations and punctuation omitted.) *Urapo-Sanchez v. State*, 267 Ga. App. 113, 115 (1) (598 SE2d 850) (2004).

[6] (Punctuation omitted.) *Wiley v. State*, 250 Ga. App. 731, 734 (1) (552 SE2d 906) (2001).

[7] OCGA § 16-13-30 (b) provides that it is unlawful for any person to possess with intent to distribute any controlled substance.

[8] OCGA § 16-13-30 (a) provides that it is unlawful for any person to possess or have under his control any controlled substance.

subject to demurrer.[9] Because Davis' duplicity claim is a challenge to the technical form, rather than the validity, of the indictment, she was required to raise it in a special demurrer before she pled not guilty to the indictment.[10] Davis, however, did not file a special demurrer. Indeed, she has raised this challenge to the form of the indictment for the first time on appeal, and therefore she has waived any such claim of error.[11]

Furthermore, even if Davis had timely challenged the first count of the indictment, it is not subject to demurrer as duplicitous. While it is true that separate and distinct offenses cannot be embraced in one count of an indictment, it is well settled that offenses of the same nature and differing only in degree may be joined in one count of the same indictment.[12] The test is whether the acts charged by the indictment relate to only one transaction.[13] So even if we assume, without deciding, that count one of the indictment does indeed charge both possession with intent to distribute and simple possession based on the block of marijuana found in the van, those offenses may be joined in one count because they are offenses of the same nature that differ only in degree and that relate to only one transaction.[14]

Finally, Davis' contention that the jury's guilty verdict on count one of the indictment should be interpreted in her favor as a finding of guilt only as to possession of marijuana, rather than possession with intent to distribute marijuana, is untenable. The trial judge expressly instructed the jury that count one of the indictment charged Davis with the crime of possession with intent to distribute marijuana. The judge then defined that crime for the jury, including an instruction as to the meaning of intent to distribute.

Given the trial court's clear instruction to the jury that count one of the indictment charged Davis with possession with intent to distribute marijuana, this is not a case that was submitted to the jury on alternative theories, nor is it a case involving an ambiguous verdict.[15] Instead, since qualified jurors under oath are presumed to follow the instructions given by the trial court,[16] we must presume that the jurors in this case followed the court's clear instructions and

---

[9] *Hall v. State*, 241 Ga. App. 454, 459 (1) (525 SE2d 759) (1999).

[10] *Stinson v. State*, 279 Ga. 177, 180 (611 SE2d 52) (2005).

[11] See *Stinson*, supra; *Hall*, supra.

[12] *State v. Williams*, 247 Ga. 200, 203 (2) (275 SE2d 62) (1981).

[13] Id. at 203-204; *Sullivan v. State*, 178 Ga. App. 769, 771 (344 SE2d 737) (1986).

[14] See *Sullivan*, supra (permissible to allege in one count both possession and sale of prohibited drug where same evidence related to both crimes).

[15] Compare *Crawford v. State*, 254 Ga. 435, 437-439 (1) (330 SE2d 567) (1985).

[16] (Citation omitted.) *State v. Johnson*, 280 Ga. 511, 513 (630 SE2d 377) (2006).

found Davis guilty of possession with intent to distribute marijuana as charged in the indictment.

4. Davis claims that she can only be sentenced for a misdemeanor under count two of the indictment, which charged her with the felony of possessing more than an ounce of marijuana, because the court never informed the jury that it was required to pass upon the weight of the marijuana. But as Davis concedes in her brief, this claim is rendered moot by the fact that at sentencing the trial court merged count two of the indictment into count one.[17] Moreover, we note that, contrary to Davis' claim, the jury was properly instructed that the state had to prove every material allegation in the indictment, which includes the count two allegation that the amount of marijuana in her possession was more than an ounce.

5. Davis contends that the trial court erred in instructing the jury on the definition of constructive possession because the indictment charged her only with actual possession of marijuana. Notwithstanding Davis' contention, the indictment did not allege that she had only actual possession of marijuana; rather, it charged her with one count of possession of marijuana with intent to distribute and two counts of possession of marijuana without specifying the manner of possession under any of the counts.

The law recognizes that possession of a controlled substance may be either actual or constructive.[18] "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it."[19] Because there was evidence in the instant case that Davis, at different times, had both actual and constructive possession of marijuana, the trial court's jury charge on both types of possession was proper and did not impermissibly expand the indictment.[20]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 21, 2007.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming*, District Attorney, *Leonora Grant*, Assistant District Attorney, for appellee.

---

[17] See *Carter v. State*, 237 Ga. App. 703, 710 (6) (516 SE2d 556) (1999).
[18] *Uriostegui v. State*, 269 Ga. App. 51, 53 (603 SE2d 478) (2004).
[19] (Citation omitted.) Id.
[20] See *Crews v. State*, 226 Ga. App. 232, 237-238 (7) (486 SE2d 61) (1997).