A07A2409. DAVIS v. THE STATE.

(661 SE2d 872)

BERNES, Judge.

This is the second appeal filed by appellant Rosa Davis based upon her convictions of possession of marijuana with intent to distribute and possession of a handgun during the commission of a crime. We affirmed Davis's convictions in the prior appeal, *Davis v. State*, 285 Ga. App. 460 (646 SE2d 342) (2007). On June 7, 2007, this Court issued the remittitur from the prior appeal. That same day, Davis filed a motion in the trial court seeking a reduction in her sentence. On June 11, 2007, the remittitur was filed in the trial court. Ten days later, on June 21, 2007, the trial court dismissed Davis's motion, finding that it lacked jurisdiction to modify her sentence since the term of court in which the sentence was imposed had expired. Davis appeals the trial court's dismissal of her motion, contending that the trial court erred in finding that it lacked jurisdiction. We agree. As conceded by the state, the trial court was authorized to modify Davis's sentence pursuant to OCGA § 17-10-1 (f).

OCGA § 17-10-1 (f) provides that

[w]ithin one year of the date upon which the sentence is imposed, or *within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal*, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.

(Emphasis supplied.)[1] Notwithstanding the expiration of the term of court in which the sentence was imposed, the provisions of OCGA § 17-10-1 (f) vested the trial court with jurisdiction to consider and rule upon the merits of Davis's motion within the 120-day period following its receipt of the remittitur from the prior appeal. The trial court's dismissal of Davis's motion ten days after receipt of the remittitur was therefore erroneous. Cf. *McConnell v. State*, 281 Ga. App. 303, 303-304 (635 SE2d 882) (2006) (citing to OCGA § 17-10-1 (f), but finding that since the defendant's petition was filed more than two years after the remittitur of his direct appeal, he could only interpose a challenge if the sentence was void).

We note that "[w]hether to grant a motion to amend sentence . . . lies within the discretion of the trial court" and we express no opinion on the underlying merits of Davis's motion. (Citation omitted.) *Jackson v. State*, 238 Ga. App. 559, 560 (2) (520 SE2d 11) (1999). Our decision requires only that the trial court decide the merits of the motion in accordance with the jurisdiction and authority conferred upon it by OCGA § 17-10-1 (f).

*Judgment reversed and case remanded. Ruffin, P. J., and Andrews, J., concur.*

DECIDED APRIL 23, 2008.

Rosa Davis, *pro se*.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

[1] Ga. L. 2001, p. 94, § 5 amended OCGA § 17-10-1 to add the provisions of subsection (f).