### A08A0540. HALL v. THE STATE.
(662 SE2d 753)

ADAMS, Judge.

Darryl Vincent Hall was indicted on October 8, 2002 for trafficking in cocaine, possession of marijuana with intent to distribute, obstruction of an officer, and tampering with evidence. On January 29, 2003, Hall, who was represented by counsel, pled guilty to the lesser included offenses of possession of cocaine and felony possession of marijuana and to the obstruction charge. The sentence review panel affirmed the sentence of twelve years to serve for possession of cocaine, ten years to serve concurrently for possession of marijuana, and five years to serve concurrently for obstruction.

In April 2005, over two years later, Hall, acting pro se, filed four motions: (1) a motion for out-of-time appeal; (2) a motion to correct an incomplete transcript; (3) a motion to recuse the judge; and (4) a motion for appointment of counsel. The State responded and Hall replied. But these motions were never addressed because in August 2005, the State and Hall entered into a new "negotiated plea agreement" and Hall obtained counsel. Evidence of the agreement is shown in two documents found in the record. The first is entitled "Waiver of Post-Conviction Rights," and the second is an order by the court amending Hall's sentence.

The waiver, dated August 4, 2005, is written as if Hall were negotiating a plea while under indictment and awaiting trial. It states that Hall has decided to plead guilty and that he agrees to waive a long list of post-conviction appellate rights, but it does not state the terms of the "negotiated plea." The court's order, dated August 11, 2005, purports to dismiss the obstruction count and set aside the corresponding sentence while preserving the sentence on the two counts of possession:

---

[4] See *Carter v. State*, 265 Ga. App. 44, 45-47 (1) (593 SE2d 69) (2004).

> The Court hereby, with consent of the District Attorney and the Defendant, dismisses count three: Obstruction of an Officer, felony. Furthermore, the Court sets aside the previous sentence as to Count three of the indictment. It is the order of the Court that the original sentence as to all other counts shall stand without modification or amendment.

The order then goes on to state that pursuant to his waiver and to a waiver in open court, Hall had waived his motions for out-of-time appeal, to correct the transcript, and for recusal. Accordingly, those motions were dismissed.

Almost two more years passed, and on June 8, 2007, Hall, acting pro se, filed a motion to vacate the court's order amending his sentence and asked the court to renew consideration of his earlier motions. He also moved to proceed in forma pauperis. The trial court, based on Hall's earlier waiver of appellate rights, dismissed the motion and assessed costs against Hall stating that his motion to proceed in forma pauperis "was sought fraudulently, frivolously or maliciously."

On appeal, Hall contends the trial court erred by denying his motion to vacate because the trial court did not have jurisdiction to amend his sentence over two years after entry of his original sentence and therefore the August 11, 2005 order was void ab initio. Consequently, because that order ratified his waiver of appellate rights, the waiver is also void and does not affect his ability to seek relief from the August 11, 2005 order or to seek pauper status. Finally, he contends his counsel in August 2005 was ineffective.

A sentencing court has power to modify a valid sentence only during the term of court in which it was imposed or for up to one year (or 120 days after affirmance following appeal) under OCGA § 17-10-1 (f). Cf. *State v. Hart*, 263 Ga. App. 8, 9 (587 SE2d 164) (2003) (a sentencing court does have "inherent power to correct its records at any time 'to show the true intent of the sentencing court at the time the original sentence was imposed.' [Cits.]").[1] Thus, the trial court lacked jurisdiction in August 2005 to amend Hall's 2002 sentences. Accordingly, the August 11, 2005 order is void and a mere nullity.

> The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it.

---

[1] There is nothing in the record to suggest that Hall's initial sentence was void.

OCGA § 17-9-4. See also *Harrison v. State*, 201 Ga. App. 577, 583 (5) (411 SE2d 738) (1991) ("A sentence or portion thereof that is unauthorized by law is a nullity and void.").

As for Hall's waiver of post-conviction rights, the waiver states that it was part of the negotiated plea agreement. But based on the timing of the waiver, that can only mean that it was a part of the *re*-negotiated plea agreement — the same one that resulted in the void order. Furthermore, "in many circumstances it is appropriate to view the final negotiated plea agreement as a 'package' deal, the terms of which should not be treated in isolation from one another but rather as a cohesive whole." *Clue v. State*, 273 Ga. App. 672, 675 (615 SE2d 800) (2005). That is so here because it is unlikely that Hall would have waived his post-conviction rights over two years after his plea, conviction and sentence unless it was done in connection with the re-negotiated plea in 2005. Accordingly, the entire re-negotiated plea agreement is void. See id. Finally, with regard to Hall's role in bringing about the August 2005 order, "[a] defendant's acquiescence to an illegal sentence, either through plea negotiations or a failure to object to the sentence, cannot render an otherwise illegal sentence valid through waiver." *Sanders v. State of Ga.*, 259 Ga. App. 422, 423 (577 SE2d 94) (2003). See also *Sumner v. State*, 284 Ga. App. 308, 312 (1) (643 SE2d 831) (2007) (same).

We therefore reverse the order of June 13, 2007 and remand the case for further proceedings consistent with this opinion and other applicable law. Because the void August 11, 2005 order purported to dismiss Hall's then-pending motions, those motions are now pending.

*Judgment reversed and case remanded with direction. Smith, P. J., and Mikell, J., concur.*

DECIDED MAY 22, 2008.

Darryl V. Hall, *pro se.*
*Richard G. Milam, District Attorney, Jason S. Johnston, Assistant District Attorney*, for appellee.