# Court of Appeals
# of the State of Georgia

ATLANTA, January 18, 2013

*The Court of Appeals hereby passes the following order:*

**A13A0834.  RODOLFO ESQUIVEL v. THE STATE.**

In 1997, Rodolfo Esquivel was convicted of aggravated child molestation.  We affirmed his conviction on direct appeal.  *Esquivel v. State*, 236 Ga. App. 325 (512 SE2d 61) (1999).

In 2003, he moved to vacate his sentence pursuant to OCGA § 17-10-1 (f), arguing that his sentence "was somehow an improper revocation of" a previously imposed probated sentence.  *Esquivel v. State*, 266 Ga. App. 715, 716 (598 SE2d 24) (2004).  The trial court denied that motion.  Esquivel appealed to this Court, but we affirmed the trial court's ruling.  Id.

In early 2012, Esquivel filed a second motion to vacate his sentence, claiming that it was void and unconstitutional because the State had failed to prove venue at trial.  The trial court denied the motion, and Esquivel appealed to this Court.  We dismissed the appeal on the ground that Esquivel had not raised a valid void-sentence claim.  Case No. A12A1923, dismissed June 19, 2012.

In November 2012, Esquivel filed a third motion to vacate his sentence, complaining that the trial court failed to consider giving him a probated sentence or first offender treatment.  The trial court denied the motion, and Esquivel has again appealed to this Court.  As was the case with Esquivel's most recent appeal, however, we lack jurisdiction.

A direct appeal lies from the denial of a motion to correct an illegal sentence when the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  However,

[a] sentence is only void when the trial court imposes a punishment that

the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f).[1] Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-OCGA § 17-10-1 (f) sentence modification. Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations. (Punctuation omitted.)

*Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010).

Esquivel does not argue that his sentence falls outside the permissible range of punishment. Esquivel's argument that his sentence is void because the trial court unfairly failed to consider probating it or sentencing him as a first offender does not raise a colorable claim. Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction. See *Burg*, supra.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 01/18/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*

---

[1] Among other things, that statute permits the sentencing court to suspend or probate a sentence within one year of the date the sentence is imposed.