**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 6, 2016**

# In the Court of Appeals of Georgia

A15A2240. PENDLETON v. THE STATE.                    DO-084 C

DOYLE, Chief Judge.

Karl Pendleton appeals the denial of his motion to modify his sentence. For the reasons that follow, we reverse and remand the case.

Pendleton was charged with six counts of criminal attempt to commit armed robbery, burglary, six counts of aggravated assault with intent to rob, possession of a firearm during the commission of a felony, kidnapping with bodily injury, and five counts of false imprisonment. In February 2008,[1] he entered a non-negotiated guilty plea and was sentenced to serve ten years.[2] On October 27, 2008, Pendleton filed a

_____

[1] Pendleton entered his plea and was convicted on February 7, 2008, but his sentence was not filed until February 11, 2008.

[2] For sentencing purposes, the trial court merged the six counts of criminal attempt to commit armed robbery into the six counts of aggravated assault with intent

motion to modify his sentence, to which the State did not respond. The trial court denied the motion as untimely, holding that it lacked authority to modify Pendleton's sentence because the motion was filed after the expiration of the term of court in which the convictions were entered.

Pendleton appeals, arguing that the trial court erred by denying his motion as untimely, and we agree. As the State concedes, OCGA § 17-10-1 (f) provides in relevant part that "[w]ithin one year of the date upon which the sentence is imposed . . . , the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed."[3] "Notwithstanding the expiration of the term of court in which the sentence was imposed, the provisions of OCGA § 17-10-1 (f) vested the trial court with jurisdiction to consider and rule upon the merits of [Pendleton's] motion within [one year of the date upon which the sentence was imposed]."[4] Thus, because

to rob.

[3] OCGA § 17-10-1 (f) was enacted in 2001. See Ga. L. 2001, p. 94, § 5; *Reynolds v. State*, 272 Ga. App. 91, 93 (1) (611 SE2d 750) (2005).

[4] *Davis v. State*, 291 Ga. App. 252, 253 (661 SE2d 872) (2008). See also *Richardson v. State*, ___ Ga. App. ___, ___ (Case No. A15A2113, decided Nov. 6, 2015).

Pendleton filed his motion less than ten months after his sentence was imposed, the trial court erred by denying the motion as untimely.[5]

> We note that whether to grant a motion to amend sentence lies within the discretion of the trial court[,] and we express no opinion on the underlying merits of [Pendleton's] motion. Our decision requires only that the trial court decide the merits of the motion in accordance with the jurisdiction and authority conferred upon it by OCGA § 17-10-1 (f).[6]

*Judgment reversed and case remanded. Phipps, P. J., and Boggs, J., concur.*

---

[5] See *Davis*, 291 Ga. App. at 253.

[6] (Punctuation and citation omitted.) Id., quoting *Jackson v. State*, 238 Ga. App. 559, 560 (2) (520 SE2d 11) (1999).