**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten days
of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 26, 2019**

# In the Court of Appeals of Georgia

A19A1258. GRAY v. THE STATE.

RICKMAN, Judge.

Mark Gray appeals from the trial court's sua sponte order setting aside a modification of his sentence. For the reasons that follow, we affirm.

The record shows that Gray was indicted on five counts of sexual exploitation of children, and that in January 2017, he entered a non-negotiated plea of guilty and was sentenced to ten years to serve in prison followed by ten years on probation, with sexual offender requirements. Ten months later, Gray moved to modify his sentence. Eleven months after that, Gray and the State appeared before a different trial court judge, sitting by designation, who granted the motion. Thus, twenty-one months after the original sentencing, the substitute judge entered a consent order reducing Gray's

sentence to a term of five years to serve in prison followed by fifteen years on probation, with sexual offender requirements (the "Modification Order").

Three weeks later, the originally assigned judge, acting sua sponte and without notice or a hearing, filed an order vacating the Modification Order and reinstating Gray's original sentence (the "Reinstatement Order"). The court found the Modification Order "to be inappropriate and not in the interests of justice," and the court cited as authority its "inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate the judgment, even upon his own motion."[1] Gray appeals.

On appeal, Gray argues that the Reinstatement Order is void because he had begun to serve the reduced sentence and the trial court lacked the authority to increase his sentence by reimposing the original sentence. The State also contends that the Reinstatement Order is void, but on the ground that "[a]ny order modifying a sentence which is entered without notice and an opportunity for a hearing as provided in this subsection shall be void." OCGA § 17-10-1 (f). We are constrained to disagree with

---

[1] The terms of court for the Stone Mountain Circuit, DeKalb County begin on the first Monday in January, March, May, July, September, and November. OCGA § 15-6-3 (37). Thus, both the Modification Order and the Reinstatement Order were entered during the September 2018 term of court but well beyond the term of court during which Gray was initially sentenced.

2

both parties based on the plain language of OCGA § 17-10-1 (f). As shown below, under that statute the Modification Order itself was void because the trial court (here with a judge sitting by designation) lacked jurisdiction to enter that order more than one year after the original sentencing, and the original sentencing judge was authorized to correct the void sentence.

"Except as provided by statute, a sentencing court has no power to modify a valid sentence of imprisonment after the term of court in which it was imposed has expired." *State v. Hart*, 263 Ga. App. 8, 9 (587 SE2d 164) (2003). As provided by statute,[2] sentencing courts have "jurisdiction" to correct or reduce a sentence for one year following the original sentence or within 120 days of receiving the remittitur following a direct appeal:

> Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has *the jurisdiction*, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. . . .

---

[2] OCGA § 17-10-1 (f) was added to OCGA § 17-10-1 in 2001. See Ga. L. 2001, p. 94, § 5; *Pendleton v. State*, 335 Ga. App. 455, n. 3 (781 SE2d 570) (2016).

(Emphasis supplied.) OCGA § 17-10-1 (f); see also *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013) ("The sentencing court generally has jurisdiction to modify or vacate such a sentence only for one year following the imposition of the sentence."). After the time allowed by OCGA § 17-10-1 (f) expires, the sentencing court has jurisdiction to vacate a sentence only to the extent that the sentence is void. *von Thomas*, 293 Ga. at 571 (2).

Thus, here, where Gray did not argue that his sentence was void, the plain language of OCGA § 17-10-1 (f) dictates that the trial court lost jurisdiction to correct or reduce Gray's sentence months before it entered the Modification Order. Cf. *Davis v. State*, 291 Ga. App. 252, 253 (661 SE2d 872) (2008) (OCGA § 17-10-1 (f) gives trial court 120 days following its receipt of the remittitur from the prior appeal "to consider and rule upon" a motion to modify sentence.); *Esquivel v. State*, 266 Ga. App. 715, 716 (598 SE2d 24) (2004) ("the latest date when the trial court could have changed Esquivel's sentence was 120 days after the trial court received the remittitur"). Compare *Carr-MacArthur v. Carr*, 296 Ga. 30, 33 (2) (764 SE2d 840) (2014) ("[N]othing in OCGA § 19-9-3 (a) (8) suggests that, after a delay of 30 days, the trial court loses jurisdiction or must grant a motion for reconsideration . . . , and we will not engraft such a provision onto the statute."). That Gray filed a motion to modify his

sentence within the one-year period provided in OCGA § 17-10-1 (f) does not alter the result under the plain meaning of that statute.

Our construction of the statute is supported by its context. See *City of Guyton v. Barrow*, _ Ga. _ (3) (828 SE2d 366) (2019) (the words of a statute are not to be read in isolation but in context).

> The primary determinant of a text's meaning is its context, which includes the structure and history of the text and the broader context in which that text was enacted, including statutory and decisional law that forms the legal background of the written text.

Id. Relatedly, "all statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law." (Citation and punctuation omitted.) *Grange Mutual Casualty Co. v. Woodard*, 300 Ga. 848, 852 (2) (A) (797 SE2d 814) (2017); see *Williams v. State*, 299 Ga. 632, 634 (791 SE2d 55) (2016) (same).

Prior to the enactment of OCGA § 17-10-1 (f), and as a matter of long-standing common law, the term-of-court rule provided as follows: "In the absence of a statute providing otherwise, . . . a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose

5

was begun during that term." *United States v. Mayer*, 235 U. S. 55, 67 (1) (35 SCt 16, 59 LE 129) (1914); see *Miraglia v. Bryson*, 152 Ga. 828 (111 SE 655) (1922) (following *Mayer*); see also *Kaiser v. State*, 285 Ga. App. 63, 65 (1) (646 SE2d 84) (2007) ("This is a judicially created rule" that evolved from common law.). Thus, under the term-of-court rule, a court's authority to modify its judgments extends after the term of court during which the judgment was entered if a motion to modify was filed during that term. See, e.g, *State v. Fredericks*, 256 Ga. App. 401, 402 (568 SE2d 489) (2002) (without considering OCGA § 17-10-1 (f)).

But as stated in the common law term-of-court rule, a statute providing otherwise is controlling. See *Mayer*, 235 U. S. at 67 (1); see also *Kaiser*, 285 Ga. App. at 68 (following *Mayer*). Here, the legislature expressly limited the trial court's jurisdiction to modify sentences to a specific time when it enacted OCGA § 17-10-1 (f) in 2001. The legislature could have included the common law exception in the statute, thereby allowing a court to rule on any motion *filed* within one year of sentencing, but it chose not to. See, e.g., *Gavin v. State*, 292 Ga. App. 402, 405 (664 SE2d 797) (2008) ("Because the legislature could have expressly created the exception urged by [the appellant], we find it instructive that it did not."); *Gillespie v. State*, 280 Ga. App. 243, 246 (633 SE2d 632) (2006) ("[T]he legislature could have included

6

sexual partners on its list of persons who constitute 'family' for purposes of family violence. It did not do so.").

The history of the text of OCGA § 17-10-1 (f) and its predecessors support our interpretation. From 1950 to 1992, the Code provided that judges had "no authority" to modify sentences after the term of court in which the sentence was rendered.[3] Meanwhile, our courts began to apply the common law exception found in the term-of-court rule to the statutory rule — thereby allowing an extension if a motion was filed within the same term of court as the sentencing.[4] Beginning in 1992 and

---

[3] In 1950, § 27-2502 provided that "judges shall have *no authority* to suspend and probate the sentences of said prisoners by modifying sentences." (Emphasis supplied.) Ga. L. 1950, p. 352, § 3A. In 1964, the statute was revised to provide that, "[I]n cases of pleas of guilty . . . after the term of court at which sentence is imposed the superior court judges shall have *no authority* to suspend, probate, modify or change the sentences of said prisoners except as otherwise provided." (Emphasis supplied.) Ga. L. 1964, p. 483, § 4. Similar language was provided in a 1974 revision: "After the term of court at which the sentence is imposed by the judge, he shall have *no authority* to suspend, probate, modify or change the sentence of said prisoner, except as otherwise provided." (Emphasis supplied.) Ga. L. 1974, p. 352, § 5; see also Ga. L. 1981, p. 1024, § 1. In 1986, the legislature first added a period of days to the statutory rule. See Ga. L. 1986, p. 842, § 1 (reenacting OCGA § 17-10-1 (a) to provide "After the term of court, or 60 days from the date on which the sentence was imposed by the judge, whichever time is greater, he shall have *no authority* to suspend, probate, modify, or change the sentence of the defendant, except as otherwise provided by law.") (emphasis supplied); see also Ga. L. 1991, p. 310, § 1.

[4] See *Porterfield v. State*, 139 Ga. App. 553, 554 (228 SE2d 722) (1976) (noting, after discussing § 27-2502, that "a motion made during the term serves to extend the

7

continuing through 2001, the legislature completely removed the statutory rule from the Code, meaning that only the common law rule applied during those years.[5] Finally, in 2001, the legislature enacted OCGA § 17-10-1 (f), in its current form, thereby reintroducing a rule allowing modification of sentences after the term of court, but using the word "jurisdiction" for the first time in connection with the trial court's authority.[6]

This statutory and case law history shows that the legislature is aware of the difference between the common law term-of-court rule and the statutory rule; that the courts applied the common law exception of the rule to the predecessor statutes; and that the legislature later rewrote the statute to make the time constraints jurisdictional

---

power to modify.") (physical precedent only); *State v. Bradbury*, 167 Ga. App. 390, 392 (4) (306 SE2d 346) (1983) (quoting *Porterfield* in reference the statutory term-of-court rule found in OCGA § 17-10-1 (a)).

[5] See Ga. L. 1992, p. 3221, § 1; Ga. L. 1993, p. 1654, § 1; Ga. L. 1994, p. 1959 § 9; see also *Eddleman v. State*, 247 Ga. App. 753 (2) (545 SE2d 122) (2001) (trial court has authority to modify a judgment through the expiration of the term of court in which the judgment was entered); *Latham v. State*, 225 Ga. App. 147, 148 (483 SE2d 322) (1997) (change in statute in 1992 did not alter the common law rule regarding the trial court's inherent power to modify a judgment in the same term of court); cf. *Avnet, Inc. v. Wyle Laboratories*, 263 Ga. 615, 620 (2) (437 SE2d 302) (1993) ("[S]tatutes are not understood to effect a change in the common law beyond that which is clearly indicated by express terms or by necessary implication.") (citation and punctuation omitted).

[6] See Ga. L. 2001, p. 94, § 5.

by adding the language to provide that the sentencing court only "has the jurisdiction, power, and authority" to correct or reduce a sentence within the specified times. OCGA § 17-10-1 (f). This change, especially the use of the term "jurisdiction,"[7] shows that the legislature quite plainly changed the statutory rule.

In summary, although Gray moved to modify his sentence within one-year of his sentencing, the trial court had lost jurisdiction of the matter by the time it entered the Modification Order, and, therefore, the Modification Order was void. See OCGA § 17-9-4; *Hall v. State*, 291 Ga. App. 649, 650 (662 SE2d 753) (2008); see also *Hulett v. State*, 296 Ga. 49, 54 (2) (766 SE2d 1) (2014) ("an accused who has been convicted of a crime has neither a vested right to nor a reasonable expectation of finality as to a pronounced sentence which is null and void.") (citation omitted).

The Reinstatement Order, therefore, simply vacated a void sentencing order and reinstated the original sentence, which the trial court was authorized to do:

---

[7] See OCGA § 17-9-4 ("The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."). Black's Law Dictionary (11th ed. 2019) ("Jurisdiction" is defined as, "A court's power to decide a case or issue a decree."). But see *State v. Fredericks*, 256 Ga. App. 401, 402 (568 SE2d 489) (2002) (using term "jurisdiction" in connection with term-of-court rule and its exception for motions filed within the term).

> [T]he trial court did not increase [Gray's] original sentence. The trial court, without legal authority and under a misapprehension of law, attempted to decrease [Gray's] sentence. By vacating the void consent order, the trial court did not increase [Gray's] original sentence; the original sentence was simply reinstated.

*Sosebee v. State*, 282 Ga. App. 905, 909 (3) (640 SE2d 379) (2006).

For the above reasons, we find no reversible error in the Reinstatement Order and affirm.

We admit that the parties' interpretation of the statutory rule may have been reasonable given that one could read prior cases from this Court as suggesting that the only factor relevant to the time limitations set forth in OCGA § 17-10-1 (f) is whether the defendant filed a timely motion. See *Jones v. State*, 348 Ga. App. 653, 654 (1) (824 SE2d 575) (2019); *Patterson v. State*, 347 Ga. App. 105, 107 (1) (817 SE2d 557) (2018); *Pendleton v. State*, 335 Ga. App. 455, 455-456 (1) (781 SE2d 570) (2016); *Richardson v. State*, 334 Ga. App. 344, 346 (779 SE2d 406) (2015); *Hudson v. State*, 334 Ga. App. 166, 167 (1) (778 SE2d 406) (2015); *Myrick v. State*, 325 Ga. App. 607, 607, n. 1 (754 SE2d 395) (2014); *Valldeparas v. State*, 319 Ga. App. 491, 493 (1) (735 SE2d 816) (2012); *Bradberry v. State*, 315 Ga. App. 434, 435 (727 SE2d 208) (2012); *Grady v. State*, 311 Ga. App. 620, 620-621 (716 SE2d 747) (2011). These cases are

10

distinguishable, however, because none addresses the specific issue resolved in this opinion.

*Judgment affirmed. Miller, P. J., and Reese, J., concur.*