**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**January 24, 2014**

# In the Court of Appeals of Georgia

A13A1973. MYRICK v. THE STATE.

BARNES, Presiding Judge.

Herbert Wesley Myrick was indicted on two counts of aggravated assault, two counts of aggravated stalking, two counts of battery, and one count of violation of a limited driving permit. He entered a negotiated plea of guilty, and the trial court sentenced him to 20 years, with 3 years to serve in confinement and the balance on probation. Myrick filed a motion to modify his sentence, which the trial court denied. Proceeding pro se, Myrick now appeals the denial of his motion to modify his sentence.[1] For the reasons set forth below, we affirm.

---

[1] Because Myrick filed his motion to modify within one year of sentencing, his motion was timely. See OCGA 17-10-1 (f). See also *Rooney v. State*, 318 Ga. App. 385 (734 SE2d 104) (2012) ("Pursuant to OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later.") (footnote omitted). Furthermore, the trial court's order denying Myrick's timely motion was directly

1. Myrick first contends that the trial court should have applied the rule of lenity to reduce his sentence because "aggravated assault and aggravated stalking allow more than one sentence for the same offense and it is axiomatic that any ambiguities must be construed most favorably to the defendant." Myrick's contention is without merit.

> The rule of lenity applies where two or more statutes prohibit the same conduct while differing only with respect to their prescribed punishments. According to the rule, where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered.

(Citations, punctuation, and footnote omitted.) *White v. State*, 319 Ga. App. 530, 531 (2) (737 SE2d 324) (2013). See *Daniels v. State*, 320 Ga. App. 340, 344 (3) (739 SE2d 773) (2013). "However, the rule does not apply when the statutory provisions are unambiguous." (Citations omitted.) *Lightning v. State*, 297 Ga. App. 54, 60 (6) (676 SE2d 780) (2009).

A person may be found guilty of aggravated assault if the State proves (1) an assault and (2) aggravation by use of "any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily

---

appealable. See *Bradberry v. State*, 315 Ga. App. 434, 435 (727 SE2d 208) (2012).

2

injury." OCGA § 16-5-21 (a) (2). See *Lee v. State*, 320 Ga. App. 573, 576 (1) (a) (740 SE2d 307) (2013). "The State may prove an assault by showing that the defendant committed an act that placed the victim in reasonable apprehension of immediately receiving a violent injury." (Citation and punctuation omitted.) *Lee*, 320 Ga. App. at 576 (1) (a). See OCGA § 16-5-20 (a) (2). The indictment averred that Myrick committed aggravated assault by doing an act that placed the victim in reasonable apprehension of immediately receiving a violent injury, namely, by striking the victim with a motor vehicle, an object which, when used offensively against a person, is likely to result in serious bodily injury.[2]

In contrast, a person may be found guilty of aggravated stalking if the State proves that, in violation of a bond "prohibiting the behavior described in this subsection, [he] . . . contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person." OCGA § 16-5-91 (a). See *Reed v. State*, 309 Ga. App. 183, 184 (1) (709 SE2d 847) (2011). In two separate counts, the indictment averred that Myrick committed aggravated stalking on two sequential dates by unlawfully contacting the

---

[2] A second count of aggravated assault was merged into the first count of aggravated assault for sentencing purposes.

3

victim at her residence in violation of a bond order, without the consent of the victim, and for the purpose of harassing and intimidating her.

Clearly, the aggravated assault and aggravated stalking statutes do not define the same offense and do not address the same criminal conduct, the former offense addressing an assault with an object likely to result in serious bodily injury, and the latter offense addressing the harassment and intimidation of a victim in violation of a bond condition. Thus, no ambiguity exists regarding the statutory provisions at issue in this case, the rule of lenity does not apply, and the trial court committed no error in refusing to modify Myrick's sentence.

2. Although somewhat unclear, Myrick also appears to contend that the trial judge's signature on the order denying his motion to modify his sentence is fraudulent because it allegedly differs materially from the judge's signature on other orders. As such, Myrick contends that the trial court's order is procedurally defective and should be reversed. Having reviewed the record in its entirety, we conclude that Myrick's contention is without merit and provides no basis for reversal.

*Judgment affirmed. Miller and Ray, JJ., concur.*