310 Ga. 259
FINAL COPY

S20G0192.  GRAY v. THE STATE.

MCMILLIAN, Justice.

We granted a petition for writ of certiorari to determine whether a trial court has jurisdiction to modify a sentence outside the one-year period after a sentence is imposed, as authorized under OCGA § 17-10-1 (f), when the motion to modify is filed within the one-year period. The Court of Appeals held in *Gray v. State*, 351 Ga. App. 703 (832 SE2d 857) (2019) that trial courts lack jurisdiction after one year, irrespective of when the motion to modify sentence is filed. As explained below, we reverse and remand the case to the Court of Appeals for further proceedings consistent with this opinion.[1]

1. The Court of Appeals summarized the relevant facts as

---

[1] In addition to the parties' briefs and presentations at oral argument, the Court was assisted in its task by a joint amicus curiae brief from the Georgia Association of Criminal Defense Lawyers and the Georgia Public Defender Council.

follows:

> The record shows that Gray was indicted on five counts of sexual exploitation of children, and that in January 2017, he entered a non-negotiated plea of guilty and was sentenced to ten years to serve in prison followed by ten years on probation, with sexual offender requirements. Ten months later, Gray moved to modify his sentence. Eleven months after that, Gray and the State [jointly presented a consent order to the court to modify Gray's sentence to a term of five years in prison followed by fifteen years on probation. On October 3, 2018, they] appeared before a different trial court judge, sitting by designation, who granted the motion. Thus, twenty-one months after the original sentencing, the substitute judge entered a consent order reducing Gray's sentence to a term of five years to serve in prison followed by fifteen years on probation, with sexual offender requirements (the "Modification Order").
>
> Three weeks later, [on October 23, 2018,] the originally assigned judge, acting sua sponte and without notice or a hearing, filed an order vacating the Modification Order and reinstating Gray's original sentence (the "Reinstatement Order"). The court found the Modification Order "to be inappropriate and not in the interests of justice," and the court cited as authority its "inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate the judgment, even upon his own motion."

*Gray*, 351 Ga. App. at 703.

Gray timely appealed to the Court of Appeals. Both Gray and

2

the State argued that the Reinstatement Order was void under OCGA § 17-10-1 (f), with Gray asserting that the trial court violated his constitutional rights by imposing a higher sentence after he had already begun serving his lawful sentence as modified, and the State arguing that the Reinstatement Order was void because the trial court neither provided notice nor held a hearing as required by OCGA § 17-10-1 (f).

Without addressing either of those arguments, the Court of Appeals affirmed the Reinstatement Order "based on the plain language of OCGA § 17-10-1 (f)." *Gray*, 351 Ga. App. at 704. In reaching that conclusion, the Court of Appeals recounted a 70-year history of statutory and common-law authority, which permitted the trial court to modify a sentence within certain time limits so long as the proceeding initiating the sentence modification was begun within that time limit. See id. at 706 & nn.3-5. The Court of Appeals reasoned that "the legislature expressly limited the trial court's jurisdiction to modify sentences to a specific time when it enacted OCGA § 17-10-1 (f)" because it "could have included the common law

3

exception in the statute, thereby allowing a court to rule on any motion *filed* within one year of sentencing, but it chose not to." Id. at 706 (emphasis in original). Relying on the addition of the word "jurisdiction" to OCGA § 17-10-1 (f) in 2001, the Court of Appeals held that the text explicitly limited trial courts' jurisdiction to modify sentences to within one year of the initial sentence regardless of when a motion to modify sentence is filed. See id. at 707 ("[T]he legislature later rewrote the statute to make the time constraints jurisdictional by adding language to provide that the sentencing court only 'has the jurisdiction, power, and authority' to correct or reduce a sentence within the specified times."). Thus, the Court of Appeals held that the trial court lacked jurisdiction to enter the Modification Order, and the original sentencing judge was authorized to correct the void modified sentence and thereby reinstate the original sentence. See id.

We granted Gray's petition for a writ of certiorari and asked the following question:

Where the petitioner sought modification of his

sentence within one year of his original sentencing, did the Court of Appeals err in ruling that the trial court lacked jurisdiction to enter its order modifying petitioner's sentence, because the order was entered outside the one-year period authorized under OCGA § 17-10-1 (f)? Compare *Tyson v. State*, 301 Ga. App. 295, 296 (687 SE2d 284) (2009).[2]

2. The central issue in this case is whether a trial court retains jurisdiction under OCGA § 17-10-1 (f) to modify a sentence when the motion to modify was filed within the one-year time limit. "[W]e first look to the text because a statute draws its meaning from its text." *Stubbs v. Hall*, 308 Ga. 354, 363 (4) (840 SE2d 407) (2020) (citation and punctuation omitted). "The primary determinant of a text's meaning is its context." *City of Guyton v. Barrow*, 305 Ga. 799, 805 (3) (828 SE2d 366) (2019). "For context, we may look to other provisions of the same statute, the structure and history of the whole

---

[2] In *Tyson v. State*, 301 Ga. App. 295 (687 SE2d 284) (2009), the defendant argued that the trial court lacked authority to modify his sentence because the order was not entered during the same term of court in which the original sentence had been rendered, even though the State filed its motion to modify sentence during the term his sentence was rendered. However, the Court of Appeals rejected his argument by applying the principle that "while a trial judge loses the inherent right to modify a judgment after the term [of court or statutory period] expires, a motion made during [that period] serves to extend the power to modify." Id. at 296 (1) (citations and punctuation omitted).

statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question." *Johnson v. State*, 308 Ga. 141, 144-45 (839 SE2d 521) (2020) (citation and punctuation omitted). "[A]ll statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law." *Grange Mut. Cas. Co. v. Woodard*, 300 Ga. 848, 852 (2) (a) (797 SE2d 814) (2017) (citations and punctuation omitted).

As a result, we presume that "common-law rules are still of force and effect . . . except where they have been changed by express statutory enactment or by necessary implication." *Grange Mut. Cas. Co.*, 300 Ga. at 854 (2) (b) (citation and punctuation omitted); see also *Undisclosed LLC v. State*, 302 Ga. 418, 421 (2) (a) (807 SE2d 393) (2017) ("[A]lthough the common law may be amended, such changes must be clear."). "To the extent that statutory text can be as reasonably understood to conform to the common law as to depart from it, the courts usually presume that the legislature meant to

6

adhere to the common law." *Coen v. Aptean, Inc.*, 307 Ga. 826, 838-39 (3) (c) (838 SE2d 860) (2020) (punctuation omitted) (quoting *May v. State*, 295 Ga. 388, 397 (761 SE2d 38) (2014)). "When we construe . . . statutory authority on appeal, our review is de novo." *State v. Coleman*, 306 Ga. 529, 530 (832 SE2d 389) (2019).

3. Georgia courts have long applied the common-law rule that the trial court has the inherent authority to modify a judgment within the term of court and that "a motion made during the term serves to extend the power to modify." *Porterfield v. State*, 139 Ga. App. 553, 554 (228 SE2d 722) (1976) (physical precedent only).[3] As

---

[3] Georgia courts have followed this common-law principle in both civil and criminal cases for over a century. See, e.g., *Doby v. Evans*, 258 Ga. 777, 777-78 (373 SE2d 757) (1988) (quoting *Porterfield* in criminal appeal); *Ammons v. Bolick*, 233 Ga. 324, 325 (1) (210 SE2d 796) (1974) (In civil cases, "if the proceedings are begun during the term, they may be continued over and the judgment set aside or modified after the expiration thereof."); *Maxwell v. Cofer*, 201 Ga. 222, 227 (39 SE2d 314) (1946) ("[F]or the reason that proceedings so to do were begun during the same interim between courts as that in which the judgment sought to be vacated was granted[, t]his creates an exception to the general rule as pointed out in *Miraglia v. Bryson*, [152 Ga. 828 (111 SE 655) (1922)]."); *Blakely Hardwood Lumber Co. v. Reynolds Bros. Lumber Co.*, 173 Ga. 602, 608 (160 SE 775) (1931) ("When the judge hears the motion in vacation on the day set, and holds up the motion for further consideration, the term of the court, as to such motion, is extended until the judge finally passes upon the motion . . . ."); *Alley v. Halcombe*, 96 Ga. 810, 810 (22 SE 901) (1895) (plaintiff should have moved before the expiration of the term of court); *State v.*

7

explained in *United States v. Mayer*, 235 U.S. 55 (35 SCt 16, 59 LE 129) (1914), the common-law rule provides that "[i]n the absence of [a] statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, *unless the proceeding for that purpose was begun during that term*." Id. at 67 (1) (emphasis supplied); see also *Miraglia v. Bryson,* 152 Ga. 828 (111 SE 655) (1922) (following *Mayer*).

The current version of OCGA § 17-10-1 (f) was enacted in 2001, and the relevant portion provides:

> Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. . . .

---

*Bradbury*, 167 Ga. App. 390, 392 (4) (306 SE2d 346) (1983) (quoting *Porterfield* and *Yarborough*); *Yarborough v. State*, 59 Ga. App. 893, 894 (2 SE2d 510) (1939) ("An order passed in term time, setting the hearing of a motion for new trial on a designated day in vacation, in effect keeps the term, relatively to the particular case, open until the designated day." (citation and punctuation omitted)).

Ga. L. 2001, p. 94, § 5. This and previous versions of the statute have granted trial court judges "power and authority" for a specific period of time to suspend or probate sentences, and some versions, including the current version, have extended that time period beyond the term of court in which the sentence was imposed. The term "jurisdiction" was added for the first time in 2001.[4] No version

---

[4] See Ga. L. 1950, p. 352, §§ 3, 3A ("[T]he judge imposing the said sentence is hereby granted power and authority to suspend or probate said sentence, under such rules and regulations as he thinks proper. . . . After the said prisoners have entered upon their services in the penal institutions of Georgia the superior court judges shall have no authority to suspend and probate the sentences of said prisoners by modifying sentences."); Ga. L. 1964, p. 483, § 4 ("[T]he judge imposing said sentence is hereby granted power and authority to suspend or probate said sentence. . . . [A]fter the term of court at which sentence is imposed the superior court judges shall have no authority to suspend, probate, modify or change the sentences of said prisoners except as otherwise provided."); Ga. L. 1974, p. 352, § 4 ("The judge imposing said sentence is hereby granted power and authority to suspend or probate said sentence . . . . After the term of court at which the sentence is imposed by the judge, he shall have no authority to suspend, probate, modify or change the sentence of said prisoner, except as otherwise provided."); Ga. L. 1981, p. 1024, § 1 (no change to relevant language); Ga. L. 1986, p. 842, § 1 ("After the term of court, or 60 days from the date on which the sentence was imposed by the judge, whichever time is greater, he shall have no authority to suspend, probate, modify, or change the sentence of the defendant . . . ."); Ga. L. 1991, p. 310, § 1 (no change to relevant language); Ga. L. 1992, p. 3221, § 1 ("The judge imposing the sentence is granted power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper, subject to the conditions set out in this subsection"; removing portion specifying a time when judges "shall have no authority" but adding time limits in other places within the statute to which judges' power

9

of this statute has explicitly addressed whether the trial court was authorized to modify a sentence so long as the motion to modify sentence was filed within the term of court or statutory time limit.

After the enactment of OCGA § 17-10-1 (f) in 2001, despite the change in language from previous statutes, the Court of Appeals has continued to follow the common-law rule as to motions filed within the term of court or before the statutory deadline. See *Jones v. State*, 348 Ga. App. 653, 654 (1) (824 SE2d 575) (2019); *Patterson v. State*, 347 Ga. App. 105, 107 (1) (817 SE2d 557) (2018); *Pendleton v. State*, 335 Ga. App. 455, 455-56 (781 SE2d 570) (2016); *Richardson v. State*, 334 Ga. App. 344, 346 (779 SE2d 406) (2015); *Hudson v. State*, 334 Ga. App. 166, 167 (1) (778 SE2d 406) (2015); *Myrick v. State*, 325 Ga. App. 607, 607 n.1 (754 SE2d 395) (2014); *Valldeparas v. State*, 319 Ga. App. 491, 493 (1) (735 SE2d 816) (2012); *Bradberry v. State*, 315 Ga. App. 434, 435 (727 SE2d 208) (2012); *Grady v. State*, 311 Ga. App. 620, 620-21 (716 SE2d 747) (2011); *State v. Fredericks*, 256

---

and authority to modify sentences was subject); Ga. L. 1993, p. 1654, § 1 (no change to relevant language); Ga. L. 1994, p. 1959, § 9 (no change to relevant language).

Ga. App. 401, 403 (568 SE2d 489) (2002).

The key question, then, is whether the addition of the word "jurisdiction" to the statute's grant of "power and authority" to the trial court clearly overrides the common-law rule, and we conclude that it does not. Under similar circumstances, we have used the terms "jurisdiction," "power," and "authority" interchangeably, explaining that "[j]urisdiction means nothing more or less than the power and authority of the judge to act in the particular matter before him." *Mar-Pak Michigan, Inc. v. Pointer*, 226 Ga. 189, 191 (173 SE2d 206) (1970) (citing Black's Law Dictionary (4th ed. 1951)).[5] Even when the predecessor statutes to OCGA § 17-10-1 (f)

_____

[5] Though we seek to "avoid a construction that makes some language mere surplusage," *Campaign for Accountability v. Consumer Credit Research Foundation*, 303 Ga. 828, 832 (2) (815 SE2d 841) (2018) (citation and punctuation omitted), the surplusage canon can be overcome by context, such as here, where context tells us that "power" and "authority" were already equivalent. See Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 176-77 (2012) ("[L]ike all other canons, [the surplusage canon] must be applied with judgment and discretion, and with careful regard to context. It cannot always be dispositive because (as with most canons) the underlying proposition is not *invariably* true. Sometimes drafters *do* repeat themselves and *do* include words that add nothing of substance, either out of a flawed sense of style or to engage in the ill-conceived but lamentably common belt-and-suspenders approach. Doublets and triplets abound in legalese . . . ." (emphasis in original)).

11

provided that the trial court had no "authority" to modify sentences after some period of time, the Court of Appeals often referred to the trial court's "jurisdiction." See, e.g., *Phillips v. State*, 95 Ga. App. 277, 279 (97 SE2d 707) (1957) (trial court was "without jurisdiction" to modify sentence after term of court); *Mauldin v. State*, 139 Ga. App. 13, 14 (227 SE2d 862) (1976) (trial court "lost jurisdiction" to modify sentence); see also *Shaw v. State*, 233 Ga. App. 232, 233 (504 SE2d 18) (1998) (even after 1992 amendment when OCGA § 17-10-1 (f) did not expressly limit judges' power to modify, trial court was "without jurisdiction" to modify sentence after term of court).

Moreover, we disagree with the Court of Appeals that the legislature rejected the common-law rule because the legislature did not expressly write the common-law rule into the current version of the statute. See *Gray*, 351 Ga. App. at 706. Although the legislature was aware of and could have codified the common-law rule, we cannot assume that omitting the common-law rule from the statute was proof of the legislature's intended rejection of it. Instead, we presume the opposite — that the legislature knew about the

common-law rule, wanted to keep the rule, and understood that it would be unnecessary to write the rule into the statute when courts have incorporated the common-law rule into the statute for decades. See *Coen*, 307 Ga. at 838-39 (3) (c).[6]

We, thus, conclude that the text of OCGA § 17-10-1 (f) does not expressly or by necessary implication contravene the common-law rule, and the Court of Appeals erred in determining otherwise. See *Grange Mut. Cas. Co.*, 300 Ga. at 854 (2) (b). For the foregoing reasons, we reverse and remand the case to the Court of Appeals for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur, except Warren, J., not participating.*

---

[6] Additionally, both parties argued at oral argument that the passage of House Bill 984 supports their construction. House Bill 984 was signed into law on July 29, 2020, effective January 1, 2021, and added language incorporating the common-law rule into OCGA § 17-10-1 (f) ("The time periods prescribed in this subsection require the defendant to file a motion within such time periods; however, the court shall not be constrained to issue its order or hear the matter within such time periods."). However, we interpret a statute according to its meaning at the time of its enactment, so we place no weight on this subsequent amendment in construing the prior version of the statute. See *Undisclosed LLC*, 302 Ga. at 428 (3) (b) (when considering statutory text and relevant context, statutes are to be construed as understood at the time of enactment).

Decided October 19, 2020.

Certiorari to the Court of Appeals of Georgia — 351 Ga. App. 203.

*Brian Steel, John H. Petrey*, for appellant.

*Sherry Boston, District Attorney, Otobong U. Ekpo, Destiny H. Bryant, Elizabeth H. Brock, Assistant District Attorneys*, for appellee.

*James C. Bonner, Jr.; Brandon A. Bullard; Ross & Oines, Andrew S. Fleischman; Greg A. Willis; Lawrence J. Zimmerman*, amici curiae.