**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN, P. J., and REESE, P. J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 9, 2021**

# In the Court of Appeals of Georgia

A19A1258. GRAY v. THE STATE.

RICKMAN, Presiding Judge.

Mark Gray appeals from the trial court's sua sponte order setting aside a modification of his sentence. In *Gray v. State*, _ Ga. _ (850 SE2d 36) (2020), the Supreme Court reversed our previous decision and remanded the case for further proceedings consistent with its opinion. Accordingly, our previous opinion and judgment is vacated and set aside, and the decision of the Supreme Court is hereby made the decision of this Court as to the issue addressed therein.[1] We now address the enumeration of error rendered moot by our previous decision. See *St. Paul*

---

[1] The Supreme Court held that a trial court has jurisdiction to modify a sentence outside the one-year period after a sentence is imposed, as authorized under OCGA § 17-10-1 (f), when the motion to modify is filed within the one-year period. See *Gray v. State*, _ Ga. _ (850 SE2d 36) (2020).

*Reinsurance Co. v. Ross*, 276 Ga. App. 135, 136 (622 SE2d 374) (2005). For the reasons that follow, we reverse the trial court's sua sponte order.

As more fully set forth in our original opinion, see *Gray v. State*, 351 Ga. App. 703 (832 SE2d 857) (2019), Gray pled guilty to five counts of sexual exploitation of children and was sentenced to ten years to serve in prison followed by ten years on probation, with sexual offender requirements. Gray later moved to modify his sentence. Following a hearing, a substitute judge, sitting by designation, granted a consent order reducing Gray's sentence to a term of five years to serve in prison followed by fifteen years on probation, with sexual offender requirements (the "Modification Order"). Three weeks later, the originally assigned judge, acting sua sponte, filed an order vacating the Modification Order and reinstating Gray's original sentence (the "Reinstatement Order"). The court found the Modification Order "to be inappropriate and not in the interests of justice," and the court cited as authority its "inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate the judgment, even upon his own motion."[2] Gray timely filed a notice of appeal.

---

[2] The terms of court for the Stone Mountain Circuit, DeKalb County begin on the first Monday in January, March, May, July, September, and November. OCGA § 15-6-3 (37). Thus, both the Modification Order and the Reinstatement Order were

On appeal, Gray argues that the Reinstatement Order is void because he had already begun to serve the reduced sentence at the time that the trial court entered the Reinstatement Order, and, therefore, the trial court lacked the authority to increase his sentence by reimposing the original sentence. The State also contends that the Reinstatement Order is void, but on the ground that the State did not receive notice or an opportunity for a hearing on the issue. We agree with the State.

1. The question raised herein is properly before this Court. "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." OCGA § 17-9-4. Thus, the appellate courts may address a void sentence even though it was not raised in the trial court or enumerated as error on appeal. See *Hulett v. State*, 296 Ga. 49, 54 (2) (766 SE2d 1) (2014) (noting, however, that the appellate courts have no duty to scour the record for such errors); cf. *Dixon v. State*, 302 Ga. 691, 697 (4) (808 SE2d 696) (2017) (holding, in the context of an illegal sentence imposed because of a merger error, that "an exercise of our discretion on direct appeal to correct [the] merger error that harms a

_____

entered during the September 2018 term of court.

3

defendant (but of which he has not complained) may avoid unnecessary habeas proceedings and thereby promotes judicial economy.").

2. The Reinstatement Order is void. The relevant statute plainly requires proper notice to the prosecuting attorney for any modification of a sentence:

> Prior to entering any order correcting, reducing, or modifying any sentence, the court shall afford notice and an opportunity for a hearing to the prosecuting attorney.

OCGA § 17-10-1 (f). The statute further provides that absent notice and an opportunity for a hearing as stated above, any sentence modification order "shall be void." Id. Here, it is undisputed that the Reinstatement Order was issued without notice or a hearing. Accordingly, under the plain language of the statute, the Reinstatement Order is void.

*Judgment reversed. Miller, P. J., and Reese, P. J., concur*.